Argued and submitted April 11, affirmed May 25, 1994

Khy YON,
Personal Representative of
the Estate of James Khy Williams,
*Appellant,*

*v.*

STATE OF OREGON,
*Respondent.*

(9206-04092; CA A77861)

874 P2d 1370

Kevin Keaney argued the cause for appellant. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, and with him on the reply brief was Pozzi Wilson & Atchison.

Stephanie S. Andrus argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Plaintiff appeals a judgment dismissing his complaint for failure to state ultimate facts sufficient to constitute a claim. ORCP 21A(8). We affirm.

Plaintiff is the father of eight-month-old James Khy Williams, deceased, and is the personal representative of his estate. Williams was killed when a car operated by Gutierrez left the road and struck him while he was sitting in a stroller located on the sidewalk. Gutierrez did not have a valid driver license nor did he have automobile liability insurance. He had been issued a trip permit by the Motor Vehicle Division (MVD) for the vehicle that he was operating. MVD did not require Gutierrez to prove that he had a valid driver license or liability insurance before issuing him the trip permit.

Plaintiff brought a wrongful death action alleging that defendant, State of Oregon, through MVD, was negligent in issuing a trip permit to Gutierrez without proof of a valid license and liability insurance and that the agency was negligent in failing to "implement rules, policies and procedures that would require that persons to whom trip permits were issued" have a valid driver license and automobile liability insurance. MVD moved to dismiss the complaint for failure to state ultimate facts sufficient to constitute a claim under ORCP 21A(8). The trial court granted the motion on the ground that MVD did not have the authority to require a person applying for a trip permit to have a valid driver license or liability insurance as a prerequisite to issuance of the permit.

Plaintiff assigns error to the trial court's granting of MVD's motion to dismiss. He argues that MVD has the authority to require a valid driver license and liability insurance before issuing a trip permit and that MVD was, in fact, required to impose those requirements through the adoption of rules. He asserts that its failure to take such action constituted negligence.

■■ We must begin our analysis with the premise that administrative agencies are creatures of statutes. An agency has only the authority that the legislature gives it. *U. of O. Co-Oper. v. Dept. of Rev.*, 273 Or 539, 542 P2d 900 (1975). The

pertinent statute here, ORS 803.600,[1] authorizes MVD to issue trip permits. A trip permit allows a vehicle that is not registered in Oregon, or because of requirements relating to vehicle operation may not be legally operated in Oregon, to be operated temporarily in the state. The requirements for the issuance of trip permits are specified in the statute. It provides:

> "A trip permit grants authority to temporarily operate a vehicle on the highways of this state under circumstances where the operation would not otherwise be legal because the vehicle is not registered by this state or because provisions relating to the vehicle's registration do not allow the operation. The division shall provide for the issuance of trip permits in a manner consistent with this section. All of the following apply to permits issued under this section:

> "(1)   The division shall issue the following types of trip permit to authorize the described type of operation and shall not issue trip permits for any other purpose:

> "\* \* \* \* \*

> "(c)   A light vehicle trip permit may be issued for a vehicle with a combined weight of less than 8,001 pounds that is not a fixed load vehicle and that is not registered to allow operation of the vehicle in this state. Permits described in this paragraph may be issued for periods of 10 days, 30 days, 60 days, 90 days or 120 days but no person may receive the authority granted under a light vehicle trip permit for more than 120 days in any 12-month period for any given vehicle. A person who applies for a light vehicle trip permit must certify that the person has not been granted permits that together authorize the person to exceed the maximum number of days of operation allowed by this paragraph and that the permit applied for would not, in conjunction with other permits received, authorize the person to exceed the maximum number of days of operation allowed by this paragraph.

> "\* \* \* \* \*

> "(2)   The following requirements for records are established concerning permits issued under this section:

---

[1] That statute was amended in 1991. At that time, the legislature changed the statute to require persons applying for a trip permit to demonstrate that the vehicle for which the permit is issued will be covered by an insurance policy that meets the requirements of Oregon's Financial Responsibility Law. ORS 803.602. However, the amended version of the statute is not applicable here.

"\* \* \* \* \*

"(c)   Requirements for the division to maintain records concerning trip permits other than heavy motor vehicle and heavy trailer trip permits are established under ORS 802.200.

"(3)   An owner or operator of a vehicle may obtain a trip permit. The fees for issuance of trip permits are as provided under ORS 803.645.

"\* \* \* \* \*

"(6)   The division shall adopt rules for the issuance, sale and control of all trip permits."

Notably, there is nothing in the language of the statute that requires that a person applying for a trip permit for a vehicle prove that he or she has a valid driver license and liability insurance. Plaintiff acknowledges that there are no such requirements in the statutes, but contends that MVD has been given broad authority by the legislature to impose those requirements.

We do not agree that MVD has such authority. This is not a situation, such as in *Harsh Investment Corp. v. State Housing Division*, 88 Or App 151, 744 P2d 588 (1987), *rev den* 305 Or 273 (1988), where the legislature has directed an agency to adopt standards before carrying out its responsibilities under the statutes. Here, the legislature has specified the requirements for trip permits in the governing statutes and has not delegated the authority to MVD to adopt further substantive requirements for the issuance of the permits. The legislative direction in ORS 803.600(6) to "adopt rules for the issuance, sale and control of all trip permits" does not authorize MVD to adopt standards for the issuance of the permits, but rather to adopt procedures related to the issuance of the permits. MVD has done that.

The authority for MVD to impose the requirements that plaintiff wants imposed also is not found elsewhere in the statutes. A temporary trip permit is essentially a substitute for registration of a vehicle. Although a person operating a registered vehicle must be otherwise validly licensed, there is no statutory requirement that a person registering a vehicle provide proof of a valid license before MVD can register a car.

Similarly, a trip permit does not give a specific person authority to operate the vehicle being driven under a trip permit. The person must be otherwise validly licensed. As with registration, there simply is no requirement in the statutes that a person applying for a trip permit must provide proof of a valid operator's license.

With regard to proof of liability insurance, at the time that this permit issued, Oregon's Financial Responsibility Law applied only to vehicles *registered* in Oregon. As with the requirement of proof of a driver license, without specific statutory authorization, MVD did not have the authority to impose such a requirement.

We conclude that the trial court was correct in its conclusion that MVD did not have the authority to require proof of a valid driver license and liability insurance and that, accordingly, MVD could not have been negligent in failing to impose that requirement. The trial court did not err in dismissing plaintiff's complaint.

Affirmed.